IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **STACY ZIMMERMAN,** *personal representative of Phyllis Newman* | * * * * | |
| *Plaintiff*, | * * | |
| v. | * * * | Case No.: RWT 08-cv-2089 |
| **NOVARTIS PHARMACEUTICALS CORPORATION,** | * * * * * | |
| *Defendant*. | * * | |

## MEMORANDUM OPINION

Plaintiff Stacy Zimmerman ("Zimmerman"), personal representative of Phyllis Newman, deceased, filed this products liability lawsuit against Defendant Novartis Pharmaceuticals Corporation ("Novartis"). ECF No. 1 at 1. After this Court granted summary judgment in favor of Novartis, the Clerk of the Court awarded $7,501.46 in costs in favor of Novartis. ECF No. 202. Zimmerman filed a motion to review the Clerk's order taxing costs, arguing that costs should not have been assessed against her because she was not a party to this action and because Maryland state law makes the taxation of costs against her time-barred. ECF No. 207. For the reasons stated below, Zimmerman's motion will be denied.

## Facts

As of September 2005, Phyllis Newman ("Newman") was a named plaintiff "in a products liability diversity class action brought against Novartis in the United States District Court for the Middle District of Tennessee." ECF No. 199 at 1. Newman died on March 11, 2007, ECF No. 207-2, and the case was dismissed without prejudice, ECF No. 199 at 1. On

December 5, 2007, Newman's daughter, Plaintiff Stacy Zimmerman, as the personal representative of her mother's estate, "filed an individual products liability diversity action against Novartis" in the Middle District of Tennessee. ECF No. 199 at 1–2; *see* ECF Nos. 1, 207-2. On August 5, 2008, the case was transferred to this Court, ECF No. 7, but "[o]n September 22, 2008, the Judicial Panel on Multidistrict Litigation issued a conditional transfer order transferring the case from this Court back to the Middle District of Tennessee for coordinated pretrial proceedings." ECF No. 199 at 2; *see* ECF No. 10. "On July 27, 2011, the Middle District of Tennessee advised the panel that coordinated pretrial proceedings had been completed and that the case should be remanded back to this Court." ECF No. 199 at 2; *see* ECF No. 14.

On November 15, 2012, this Court granted a motion for summary judgment by Novartis. ECF Nos. 199, 200. On November 30, 2012, Novartis filed a Bill of Costs, seeking reimbursement for its costs of litigating this case pursuant to 28 U.S.C. § 1920. ECF No. 201. Zimmerman did not file an opposition to the Bill of Costs. On March 12, 2013, the Clerk entered an order taxing costs in favor of Novartis in the amount of $7,501.46. ECF No. 202. On March 25, 2013, Zimmerman filed a Motion for Review of Clerk's Order Taxing Costs. ECF No. 207. Zimmerman argues (1) that she is not a party to the suit and thus is not liable for costs, and (2) that the Bill of Costs filed by Novartis is a claim against Newman's estate that is time-barred under Maryland law. ECF Nos. 207, 208. On April 8, 2013, Novartis filed an opposition to Plaintiff's motion, ECF No. 209, to which Zimmerman filed a reply on April 26, 2013, ECF No. 212.

## Standard of Review

The prevailing party may seek an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." As used in Rule 54(d)(1), "costs" includes only the specific items enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–42 (1987). "Once it is established that an item falls within 28 U.S.C. § 1920, the prevailing party is presumed to be entitled to recover costs, and the burden is on the losing party to demonstrate impropriety of an allowance." *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D. Va. 1998); *see Young v. United Parcel Serv., Inc.*, DKC 08-2586, 2014 WL 858330, *1-2 (D. Md. Mar. 4, 2014). A district court may deny an award of costs if "there would be an element of injustice in a presumptive cost award." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (quoting *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Id.*

## Discussion

Zimmerman makes two arguments as to why she should not have to pay the costs taxed against her: (1) she is not individually a party to this case and therefore should not incur liability for the costs, and (2) the costs cannot be assessed against her in her capacity as personal representative or against the estate because the taxation of costs is time-barred under Maryland law. ECF Nos. 207, 208. Both arguments are meritless, and Zimmerman's motion will be denied.

3

A.     **Zimmerman's Status as a Party**

Zimmerman first argues that she should not be liable for costs because, as a personal representative, she is not a party to the case. ECF No. 208 at 2. She cites no authority to support this proposition. While Zimmerman asserts in her reply that federal law rather than state law should determine her party status, *see* ECF No. 212, she again offers nothing to substantiate this assertion or to demonstrate that federal law would exempt her from being assessed the costs in this case.

Federal Rule of Civil Procedure 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The effect of this passage is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure*, § 1543 (3d ed. 2010); *see Discover Bank v. Vaden*, 489 F.3d 594, 601 (4th Cir. 2007), *rev'd on other grounds*, 129 S. Ct. 1262 (2009) ("One of our most fundamental procedural rules is that an action must be brought by the party that has the right to enforce the claim and has a significant interest in the litigation."). Rule 17(a) provides an illustrative, but not exhaustive, list of possible real parties in interest. Wright, Miller & Kane, §§ 1541, 1543; *see* Fed. R. Civ. P. 17(a) (listing, among other positions, "executor" and "administrator" as potential real parties in interest).[1]

In a diversity case such as this one, in determining whether an individual is a real party in interest entitled to enforce a right under Rule 17, "[w]hile the question of in whose name the action must be prosecuted is procedural, and thus governed by federal law, its resolution depends on the underlying substantive law of the state." *Va. Elec. & Power Co. v. Westinghouse Elec.*

---

[1] "Personal representative," as Zimmerman is here, is analogous to these two positions. For example, Maryland law considers the term "personal representative" to "include[] an executor or administrator." Md. Code Ann., Est. & Trusts § 1-101(q).

4

*Corp.*, 485 F.2d 78, 83 (4th Cir. 1973); *see* Wright, Miller & Kane, § 1544. In plainer terms, the resolution of a party's ability to enforce a right in diversity cases depends on the applicable state law.

Applying Maryland substantive law,[2] Zimmerman, as a personal representative of her mother's estate, is a real party in interest entitled to bring this products liability suit against Novartis. A personal representative in Maryland is a fiduciary and "may prosecute, defend, or submit to arbitration actions, claims, or proceedings in any appropriate jurisdiction for the protection or benefit of the estate, including the commencement of a personal action which the decedent might have commenced or prosecuted."[3] Md. Code Ann., Est. & Trusts §§ 7-101, 7-401(y). This power to prosecute includes the right to initiate a products liability lawsuit on behalf of the decedent. *See, e.g.*, *Desrosiers v. MAG Indus. Automation Sys., LLC*, WDQ-07-2253, 2010 WL 4116991 (D. Md. Oct. 19, 2010). Thus, Zimmerman "step[ped] into the shoes of the decedent," *ACandS, Inc. v. Asner*, 657 A.2d 379, 397 (Md. Ct. Spec. App. 1995) *rev'd on other grounds*, 686 A.2d 250 (1996), and is a real party in interest who cannot claim that she "was never a party to this case." ECF No. 208 at 2.

Zimmerman has failed to show that the imposition of costs pursuant to Rule 54(d) would result in an element of unjustice. Rather, she merely argues, without any support, that because she sued as a personal representative, the Court is unable to tax costs against her. A court in the Eastern District of New York faced a similar claim by a plaintiff who argued "that she only

---

[2] This Court acknowledged in the Memorandum Opinion dated September 5, 2012, that "[b]ecause this case was filed in Tennessee, the choice of law rules of that state apply." ECF No. 166 at 2. Under Tennessee choice of law principles, this Court found that "Maryland law, as the law of the place of injury," provided the substantive law "govern[ing] liability and compensatory damages." ECF No. 166 at 2-3, 6-7 (also finding that under Tennessee's choice of law principles, New Jersey law provided the substantive law for the issue of punitive damages). Accordingly, this Court looks to substantive Maryland law in considering Zimmerman's status as a real party in interest.

[3] There are two limitations on suits brought by personal representatives, but neither applies here. *See* Md. Code Ann., Est. & Trusts § 7-401(y).

5

brought [an] action as a representative of her husband's estate, and that any costs would have to be assessed against the estate, which has no assets." *Hogan v. Novartis Pharm. Corp.*, Civil Action No. 06-260 BMC, 2012 WL 5898473, *5 (E.D.N.Y. Nov. 20, 2012) *aff'd*, 12-5085-CV, 2013 WL 6596880 (2d Cir. Dec. 17, 2013). That Court held that:

> [Plaintiff] cites no authority for this proposition and I do not accept it. A plaintiff cannot so limit her liability for costs. Her right to indemnification for costs incurred in representing the estate is between her and the estate; she cannot shift the risk of an insolvent estate onto defendant by purporting to appear in a limited capacity.

*Id.* Similarly, Zimmerman has offered no support for the proposition that the Clerk cannot tax costs against her as personal representative of her mother's estate. She should seek indemnification for these costs from the estate, and that matter is between her and the estate.[4] Accordingly, Zimmerman's first argument that she is not a party who can be obligated to pay the taxation of costs fails.

### B. The Taxation of Costs Is Not Time-Barred

Zimmerman also argues that under Maryland law, the assessment of costs against her is time-barred, but this argument also fails. In her motion, Zimmerman cites Md. Code Ann., Est. & Trusts § 8-103(a), asserting that "all claims against the estate of a decedent, whether due or to become due, absolute or contingent, liquidated or unliquidated, must be presented within 6 months after the decedent's death." ECF No. 207 at 2. Thus, according to Zimmerman, Novartis' "claim for costs here is time-barred whether against the estate or the personal representative," as Novartis "did not file its claim for costs until November 30, 2012[,] which was more than five years after the deadline for filing the claim." ECF No. 208 at 3.

---

[4] *See, e.g.*, Md. Code Ann., Est. & Trusts § 7-603 (explaining when a personal representative is entitled to receive litigation expenses).

While Maryland law bars claims not filed within six months of the decedent's death, it does not encompass this court's taxation of costs pursuant to Federal Rule of Civil Procedure 54. The statutory provision cited by Zimmerman states:

> (a) Except as otherwise expressly provided by statute with respect to claims of the United States and the State, all claims against an estate of a decedent, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis, are forever barred against the estate, the personal representative, and the heirs and legatees, unless presented within the earlier of the following dates:
>
> > (1) 6 months after the date of the decedent's death; or
> >
> > (2) 2 months after the personal representative mails or otherwise delivers to the creditor a copy of a notice in the form required by § 7-103 of this article or other written notice, notifying the creditor that his claim will be barred unless he presents the claim within 2 months from the mailing or other delivery of the notice.

Md. Code Ann., Est. & Trusts § 8-103(a). Although the word "claims" is not defined by the statute, it "has been construed to mean debts or demands of a pecuniary nature that could have been enforced against the deceased in his lifetime and could have been reduced to a simple money judgment." *Hamilton v. Caplan*, 518 A.2d 1087, 1098 (Md. Ct. Spec. App. 1987) (quoting 31 Am. Jur. 2d Executors and Administrators § 276 (1967)). The word "claims" as used in § 8-103(a) thus does not include the taxation of costs against a party that could not have been "enforced against the deceased in [her] lifetime." *Id*. As a result, Zimmerman's second argument must also be rejected.

## **Conclusion**

For the foregoing reasons, Plaintiff's Motion for Review of Clerk's Order Taxing Costs [ECF No. 207] will be denied.  A separate order follows.


Date:  March 18, 2014

                                                      /s/
                                    ROGER W. TITUS
                           UNITED STATES DISTRICT JUDGE